## IN THE SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT
OF GUAM

2014 MAR 31 AM 11: 31

CLERK OF COURT
BY:

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. CF20-08 |
| vs. | DECISION AND ORDER: DEFENDANTS' MOTION FOR A NEW TRIAL |
| DAVID Q. MANILA AND ANTHONY T. QUENGA, | |
| Defendants. | |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on January 24, 2014, on David Q. Manila's and Anthony T. Quenga's ("Defendant Manila" & "Defendant Quenga" respectively and collectively referred to as "Defendants") Motion for New Trial. Defendant Manila was represented by Attorney Terence E. Timblin. Defendant Quenga was represented by Attorney Sylvia L.G. Stake. The People of Guam ("the People") were represented by Assistant Attorney General Christopher R. Odoca. Following the hearing, the Court took the matter under advisement. Upon review of the oral and written arguments, and legal authorities presented by the parties, the Court issues its Decision and Order **DENYING** Defendants' motion.

## BACKGROUND

The Court recites the procedural history below as outlined in its February 23, 2014 Decision and Order:

Defendants were initially indicted by a Superior Court of Guam Grand Jury on November 16, 2012. A Second Superseding Indictment was returned on Friday, November 23, 2012. On March 15, 2013, a Third Superseding Indictment was charged out against both Defendants. Finally, on July 31, 2013, a Fourth Superseding Indictment was returned. Defendant Manila is charged with the following: (1) Conspiracy to Commit Kidnapping (as a 1st Degree Felony) (9 counts); (2) Kidnapping (as a 1st Degree Felony) (9 counts); (3) Conspiracy to Commit Felonious Restraint (as a 3rd Degree Felony) (9 counts); (4) Felonious Restraint (as a 3rd Degree Felony) (9 counts); (5) Conspiracy to Compel Prostitution (as a 3rd Degree Felony) (9 counts); (6) Compelling Prostitution (as a 3rd Degree Felony) (9 counts); (7) Conspiracy to Promote Prostitution (as a 3rd Degree Felony) (10 counts); (8) Promoting Prostitution (as a 3rd Degree Felony) (10 counts); (9) First Degree Criminal Sexual Conduct (as a 1st Degree Felony) (2 counts); (10) Second Degree Criminal Sexual Conduct (as a 1st Degree Felony) (2 counts); (11) Criminal Intimidation (as a Misdemeanor); and (12) Official Misconduct (as a Misdemeanor). Fourth Superseding Indictment (Jul. 31, 2013).

The Fourth Superseding Indictment charges Defendant Quenga as follows: (1) Conspiracy to Commit Kidnapping (as a 1st Degree Felony) (9 counts); (2) Kidnapping (as a 1st Degree Felony) (9 counts); (3) Conspiracy to Commit Felonious Restraint (as a 3rd Degree Felony) (9 counts); (4) Felonious Restraint (as a 3rd Degree Felony) (9 counts); (5) Conspiracy to Compel Prostitution (as a 3rd Degree Felony) (9 counts); (6) Compelling Prostitution (as a 3rd Degree Felony) (9 counts); (7) Conspiracy to Promote Prostitution (as a 3rd Degree Felony) (10 counts); (8) Promoting Prostitution (as a 3rd Degree Felony) (10 counts); (9) First Degree Criminal Sexual Conduct (as a 1st Degree Felony); (10) Second Degree Criminal Sexual Conduct (as a 1st Degree Felony) (2 counts); (11) Attempted First Degree Criminal Sexual

Conduct (as a 1st Degree Felony); (12) Attempted Second Degree Criminal Sexual Conduct (as a 1st Degree Felony); (13) Criminal Intimidation (as a Misdemeanor); and (14) Official Misconduct (as a Misdemeanor). Fourth Superseding Indictment (Jul. 31, 2013).

Jury selection and trial commenced for Defendants Manila and Quenga on July 29, 2013. After several weeks of trial, a jury of twelve returned verdicts on September 19, 2013. The jury found both Defendants guilty of most of the charges and counts as contained in the Fourth Superseding Indictment. See Verdict Forms: CF20-08 (Sep. 19, 2013).

Defendant Manila filed this instant motion for a new trial on December 16, 2013. Defendant Quenga filed his joinder to the motion on December 31, 2013. On January 6, 2014, the People filed their opposition. On January 10, 2014, Defendant Manila filed his reply. Accordingly, the Court set oral arguments on the motion on January 24, 2014, and now issues its Decision and Order.

## DISCUSSION

Defendant Manila argues that a new trial should be granted "based on newly discovered evidence." Def. Manila's Mot. for New Trial at 1 (Dec. 16, 2013). Defendant Manila relies on information obtained subsequent to the verdicts as to Defendants Manila and Quenga as a result of Co-Defendant Song Ja Cha's investigator's interview with Ms. Ivory Waren. Defendant Manila argues that "[i]n the statement [given by Ms. Waren,] she indicates that Defendant Cha treated her and the other girls good; that she never hit any of the girls, that she and the other girls got paid $900.00 per month, that [the] other girls were lying although she does not know why they were lying…." Id. at 5.

Defendant Manila asserts that "[a]mong the witnesses listed on the Government's Initial Witness List (#19), filed on December 10, 2012 is Ivory Waren." Id. at 4. Defendant Manila

further argues that "[h]er name does not appear in the Government's Second Amended Witness List, filed on March 18, 2013 and she was not called as a witness by the Government." Id. Nevertheless, Defendant Manila's counsel represented in his moving papers the following: "This writer considered subpoenaing her as witness at trial as she did not claim to have been held against her will but decided not to as she contradicted Defendant Manila's assertion that he never had sex with Erneel Nemek." Id. at 5.

The People oppose Defendants' motion. The People argue that under a multi-factor test applied by the Appellate Division of the District Court of Guam, Defendants have failed to establish whether a new trial is justified based on newly discovered evidence.

Guam law provides the following grounds for granting a new criminal trial:

(a) The court on motion of a defendant may grant a new trial to him if required in the interests of justice.
(b) If the trial was by the court without a jury the court on motion of a defendant for a new trial may vacate the judgment if entered, take additional testimony and direct the entry of a new judgment.
(c) A motion for a new trial based upon the ground of newly discovered evidence may be made only before or within two (2) years after final judgment, but if an appeal is pending the court may grant the motion only on remand a [sic] of the case.
(d) A motion for a new trial based on any ground other than the ground of newly discovered evidence shall be made within seven (7) days after verdict or finding of guilty or within such further time as the court may fix during the seven-day period.

8 GCA § 110.30 (2005).

"The trial court's discretion to grant a new trial is much broader than its power to grant a judgment of acquittal in that the trial court 'need not view the evidence in the light most favorable to the verdict.'" *People v. Quinata*, 1999 Guam 6 ¶ 18 (citing *United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980). This broader grant of discretion allows the trial court to weigh the evidence and evaluate for itself the credibility of the witnesses." Id. In view

of this, appellate courts favor deferring to a trial court's determination of a motion for a new trial. "The trial judge is in a much better position to evaluate the credibility and demeanor of the witnesses." *People v. Leslie*, 2011 Guam 23 ¶ 20. Moreover, consideration of specific support for the court's determination and whether the case is exceptional meriting a new trial are other factors to sustain a court's ruling on a motion for a new trial. Id. at ¶¶ 23-25.

The Appellate Division of the District Court of Guam[1] has applied a multi-factor test in order to establish whether a new trial is justified based on newly discovered evidence. *People v. Joya*, 1996 WL 875776 at *2 (D. Guam App. Div. Oct. 1, 1996) *aff'd*, 122 F.3d 1073 (9th Cir. 1997). Under the test, the defendant must demonstrate each of the following:

> (1) The evidence is newly discovered and unknown to him at the time of trial; (2) the evidence is material, not merely cumulative or impeaching; (3) the evidence will probably produce an acquittal; and, (4) failure to learn of the evidence sooner was not due to a lack of diligence.

Id.

**1. Ivory Waren's post-trial statement does not constitute newly discovered evidence.**

Defendant must demonstrate that the proffered evidence is newly discovered and unknown to him at the time of trial. "Newly discovered evidence is evidence that could not have been discovered with due diligence at the time of trial." *United States v. Beasley,* 442 F. Supp. 1152, 1153 (E.D. La. 1977). In the instant case, the Court finds that the proffered evidence was not newly discovered. Defendant Manila through his counsel asserted: "This writer considered subpoenaing her as witness at trial as she did not claim to have been held against her will but decided not to as she contradicted Defendant Manila's assertion that he never had sex with

---

[1] The Supreme Court of Guam has held that it will not deviate from precedent of the Appellate Division of the District Court of Guam if it was well reasoned and well established in law. See *Limtiaco v. Guam Fire Dept.,* 2007 Guam 10 ¶ 46 n.9; *Sumitomo Const. Co. v. Zhong Ye Inc.,* 1997 Guam 8 ¶6, or unless reason supports such deviation, *People v. Quenga,* 1997 Guam 6 ¶ 13 n. 4.

In the instant case, the Court finds no reason to deviate as the cited decisions have been well reasoned and affirmed by the Ninth Circuit Courts of Appeal.

Erneel Nemek." Def. Manila's Mot. for New Trial at 4 (Dec. 16, 2013). As such, "[w]here a party fails to call a witness who was available during trial, the testimony of that witness cannot be considered newly discovered evidence." *Beasley,* 442 F.Supp. at 1153 (citations omitted). On that basis, the Court agrees with the People that with this information that Ivory Waren possessed relevant information to his defense, Defendants had the opportunity to interview her further and to call her as a witness. However, Defendants made the choice not to do so. Accordingly, Defendants fail to satisfy the first factor of the test.

**2. The evidence Defendants seek to offer is merely impeaching and not material.**

While the Court finds the that the proffered evidence is not newly discovered, it also finds that the testimony gained from Ivory Waren will only be impeaching and not material. "Ordinarily, evidence impeaching a witness will not be material…because it will not refute an essential element of the government's case. At most, it will provide the trier of fact with a reason to find the witness' testimony incredible." *United States. V. Davis,* 960 F. 2d 820, 825 (9th Cir. 1992) (citations omitted). With the case at bar, the People offered the testimony of multiple corroborating witnesses, along with other direct and circumstantial evidence, to prove the elements of the case against the Defendants. Consequently, the Court finds that impeaching evidence cannot be considered material pursuant to *Davis.*

The Court finds that Defendants fail to satisfy the second element.

**3. The evidence would not probably produce an acquittal.**

Assuming arguendo that Ivory Waren takes the stand at a new trial, the new evidence she would offer is insufficient to lead to a likely acquittal. In making this determination, the Court agrees with the People that it may evaluate the strength of the other evidence given and the impeachable nature of Ivory Waren's testimony. *Joya,* 1996 WL 875776 at *4. The Court

is cognizant that this witness would probably strengthen the Defendants' case, however her testimony is equally vulnerable to impeachment. Of particular concern is that while Waren would testify that the girls at Blue House were all lying, she herself could not provide a reason as to why they would all be lying. See Def's. Mot. for New Trial at 5 (Dec. 16, 2013). Equally, Ms. Waren's testimony must be considered in context with the strong weight of the evidence presented by the People, which included the testimony of nine other women, all of who offered consistent, corroborating, and compelling testimony against the Defendants.

For the reasons above, the Court finds that Defendants could not satisfy the third factor of the test.

**4. Defendants' failure to learn of the evidence sooner was due to a lack of diligence.**

The final factor requires a Defendant to demonstrate that his failure to learn of the evidence sooner was not due to a lack of diligence. In review of this case, the Court finds that Defendants were provided the witness list and had the opportunity to interview and call Ivory Waren to the stand. Defendants were aware that this particular witness had information with respect to the issues raised and that Waren might possess relevant information to their defense in light of the interview notes provided to them by the People. Because Defendants acknowledged the possibility of calling this witness to the stand at one point, their strategic decision not to do so is no reason for a new trial. Defendants have failed to demonstrate that they can satisfy the four-part test above in every respect.

Based on the foregoing, the Court is satisfied that the convictions for which Defendants have moved for a new trial are firmly supported by the evidence presented. After presiding over the jury trial for several weeks and listening to all the testimony, the Court finds that this is not an exceptional case in which the totality of the evidence weighs so heavily against the verdict,

that Defendants should be granted a new trial. Accordingly, Defendants' Motion for a New Trial is **DENIED**.

**CONCLUSION**

By preponderance of the evidence and based on the foregoing reasons, the Court **DENIES** Defendants' Motion for New Trial

Sentencing for Defendants is scheduled for _____ 4/14 _____, 2014 at _ 11 a.m _

**SO ORDERED** this __ 31 __ day of MARCH, 2014.

_____
HONORABLE ANITA A. SUKOLA
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I ac ...ledge that a copy of the
or'... hereto was placed in the
court box of:
AG, Tevere Timblin,
Sylvia Stake
Date: 3/31/14 Time: 11:35 am
Jerry T. Guerrero

Deputy Clerk, Superior Court of Guam